## BROWN *v.* BENNETT.

1. A naked ratification by a married woman after discoverture is of no avail, but where there is a consideration and sufficient to support the promise, it is good.

2. Clark *v.* Thompson, 2 Jones, 274, distinguished.

3. An entry by the grantor is not required in Pennsylvania to complete the forfeiture.

Error to the Court of Common Pleas of Luzerne county.

Opinion delivered March 16, 1874, by

SHARSWOOD, J. That a married woman has no capacity to contract for the sale of her real estate, or to convey it, except in the precise statutory mode conferring the power, is one of the best settled doctrines of our law. See the cases cited in the opinion of the present chief justice in Gidden *v.* Strupler, 2 P. F. Smith, 402. It was held in that case that she could not be affected either by legal or equitable estoppel, so as to preclude her heirs from setting up and recovering upon her title. But it was not decided in that case, or any other, that she could not ratify the contract after the coverture has ceased, and she has thereby become perfectly *sui juris.*

It is contended that the contract being absolutely void was incapable of ratification without a new contract founded upon a new consideration. It may well be that a naked ratification by the married woman after discoverture would not avail. A mere admission of her liability might not be sufficient. But there is something more in this case. She received one of the installments due upon the contract after the death of her husband. The authority of the agent is not denied, and the case stated expressly admits that she received the money. This is a consideration, and sufficient to support the promise to ratifiy the contract, admitting a consideration to be necessary. It was, in effect, a redelivery by her of the articles, and an acknowledgment that she had duly received the installments previously paid during the coverture. Such a redelivery of the original agreement in writing is not a new parol contract void by the statute of frauds.

The case of Clark *v.* Thompson, 2 Jones, 274, relied on by the plaintiff in error, as almost exactly parallel with that in hand, was a very peculiar one, and decided on its circumstances. It is true that the married woman after the discoverture had received some of the stipulated returns reserved in the articles. Yet the returns then ceased to be paid, and she was ejected from two acres of land reserved to the grantors.

The conditions of the contract had been clearly violated by the vendee. "The defendant," said Mr. Justice Burnside, "came in under the title of Clark and wife upon certain conditions which they refuse to fulfil.

They deny her right, yet they say they have a grant of that right in fee ; but when that grant comes to be examined, the law in its wisdom replies to them, that when Fanny Clark signed the agreement she was a *feme covert;* as to her it was void, and the law cast the estate upon her on the death of her husband, when she became a *feme sole*; it did not bind her, she never acknowledged it as the statute requires. If they had suffered this lone woman to remain in her cabin, and paid her the rent the agreement required, there is no doubt she would have been satisfied." The stipulation in favor of the woman had not been performed but for two or three years after her husband's death, which was twenty years before the trial. It is clear that the case was decided on the ground of a breach of condition, and although it was insisted that there ought to have been an entry before suit, no notice was taken of that objection, and it has been since solemnly held in Sheaffer *v.* Sheaffer, 1 Wright, 535, that an entry by the grantor is not required by the laws of Pennsylvania to complete the forfeiture.

Judgment affirmed.